# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH A. LIGOTTI, JR. )<br>    Plaintiff )<br>v. )<br> )<br>DALY XXL COMMUNICATIONS, INC.; )<br>WMEX RADIO, LLC, d/b/a WMEX 1510; )<br>MARY CATHERINE REMMER, individually; )<br>BRYAN J. BERNER, individually; )<br>HENRY J. REMMER, individually; and )<br>KEVIN J. WALLIS, individually )<br>    Defendants )<br> )<br>FEDERAL COMMUNICATION COMMISSION, )<br>    Trustee Process ) | Docket No. 1:16-cv-11522-MLW |

## PLAINTIFFS' EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ATTACHMENT BY TRUSTEE PROCESS

    The plaintiff hereby moves for the following relief:

1.) Pursuant to Mass. R. Civ. P. 65, a Temporary Restraining Order and, after notice to the Defendants, DALY XXL COMMUNICATIONS, INC.; WMEX RADIO, LLC, d/b/a WMEX 1510; MARY CATHERINE REMMER, individually; BRYAN J. BERNER, individually; HENRY J. REMMER, individually; and KEVIN J. WALLIS, individually; and,

2.) An ORDER of a Temporary Restraining Order and Attachment through trustee process issued to the Federal Communications Commission (hereinafter the "FCC") restraining any and all future use, sale, transfer, conveyance, or other lien attachment to the license(s) used by the Defendants, particularly those radio communication licenses known as "WMEX" or "1510 AM" and all communication signals, radio waves, advertising, or other beneficial use licensed by the Defendants and controlled by the FCC.

3.) ORDER successive service of this Order and temporary restraining Order until further order of this Court.

    In support hereof, the Plaintiff through counsel sets forth the following facts recently learned or believed in support of the Plaintiff's Emergency Motion for Temporary Restraining Order and Attachment by Trustee Process.

## I.   INTRODUCTION

Pursuant to the Complaint filed in this action, the Plaintiff a former employee of the Defendants instituted this legal action for inter alia breach of employment contract, violation of the Massachusetts Wage Act, and violation of various Federal statutes controlling the Plaintiff's intellectual property and trademark rights. (See Complaint).

The Defendants collectively are the corporation DALY XXL COMMUNICATIONS, INC.; WMEX RADIO, LLC, d/b/a WMEX 1510; MARY CATHERINE REMMER, individually; BRYAN J. BERNER, individually; HENRY J. REMMER, individually; and KEVIN J. WALLIS, individually, (and individual shareholders or managers or both for the corporate and LLC entities), formerly employed the Plaintiff as a morning radio host. The Defendants generally operating and holding themselves out to the public as Boston Radio Station 1510AM or WMEX or both, under which the Plaintiff was employed and broadcast. (See complaint).

On Friday, June 30, 2017 at approximately 6:00pm [EST] it was broadcast by the Defendants that the radio station was going dark (no longer broadcasting) because of a pending sale of the FCC radio license. (**See attached Exhibit "A").** The license was listed publicly for sale with a value of $3,000,000.00, but was being offered for $1,250,000 for immediate sale. **(See Id. attached).** To the best of the Plaintiff's knowledge, the FCC license and the rights granted thereunder by the Federal Communication Commission (FCC) comprises substantially all the Defendants' assets. Neither the Defendants nor their legal counsel provided notice of a pending sale to the Plaintiff or his legal counsel. The Plaintiff is not aware of any insurance policies or other assets available to secure the Plaintiff's judgment. The Plaintiff is likely to prevail on the merits of his complaint, and the Defendants' sale or attempted divestment of its assets will cause undue, irreversible harm to the Plaintiff.

2.   Pursuant to Mass. R. Civ. P. 4.2 and M.G.L. c. 246, an Order of trustee

process against the Trustee Federal Communication Commission (FCC) is necessary to secure satisfaction for the judgment that the Plaintiff will receive in this action against the Defendants. At minimum, the Plaintiff's injury as stated in the complaint is valued at $525,000 (See Civil Cover Sheet); however, this does not include damages suffered from Defendants' repeated violations of the Plaintiff's federal intellectual property claims and trademarks. Moreover, this civil cover sheet stated damages (stated in the minimum) does not include the doubling and trebling of damages, and award of attorneys' fees and costs as are mandatory under Massachusetts statute and case law for violations of the Massachusetts Wage Act (MGL c.149 et. seq.) and Massachusetts Consumer Protection laws (MGL c.93A et. seq.).

## II. ARGUMENT

**A.   The Plaintiff Has a Reasonable Likelihood of Success on The Merits of Its Claims Against the Defendants.**

The plaintiff has asserted claims in this lawsuit against the defendants for:

- Count I – Federal and Common Law Trademark Infringement
- Count II – Unfair Competition in violation of 15 U.S.C. §1125
- Count III – False Designations of Origin and False Representations
- Count IV – State Trademark Dilution under Massachusetts General Laws Chapter 110H §13
- Count V – Violation of Federal Employment Laws – Failure to Maintain Statutory Disclosures and Employee Notices
- Count VI – Violation of Massachusetts Wage Act, MGL c.149 et. seq.
- Count VII – Violation of MGL c.149, §52C, Failure to Produce Employee Records
- Count VIII – Violation of MGL c.149 Failure to Maintain Statutory Disclosures and Employee Notices

- Count IX – Defamation

- Count X – Breach of Contract

- Count XI – Tortious Interference with Contractual Relations

- Count XII – Intentional Infliction of Emotional Distress

- Count XII[1] - Negligent Infliction of Emotional Distress

- Count XIII – Violations of Massachusetts Consumer Protection Laws, MGL c.93A

The plaintiff Joseph A. Ligotti, Jr. is reasonably likely to recover judgment upon his claims in excess of $525,000.00 before adding the damages determined for the Defendants violation of the above referenced Federal laws controlling intellectual property and trademarks, the mandatory imposition of double and trebling under the Massachusetts Statutes and case law, the addition of legal costs and fees, and interest from date of filing.

**B.    The Plaintiff is Not Aware of Any Insurance Policies Available to Satisfy Any Judgment.**

Based on the information it has, the plaintiff is unaware of any liability insurance available to satisfy any judgment that it will recover in this lawsuit.

**C.    The Court Should Issue a Preliminary Injunction.**

   **1.    The Plaintiff Will Suffer Irreparable Harm.**

To obtain a preliminary injunction, the moving party must show it "may suffer a loss of rights that cannot be vindicated should it prevail after a full hearing on the merits." <u>Packaging Industries Group, Inc. v. Cheney, 380</u> Mass. 609, 616 (Mass. 1980). Upon information and belief, the Defendants terminated the Plaintiff refusing to pay the Plaintiff his wages, benefits and commissions. Moreover, after termination it is publicly known that the Defendants repeatedly published advertising, marketing and other materials utilizing the image and

---

[1] Mis-Identified in complaint as Count XII twice

trademarks of the Plaintiff. The Defendants have made a calculated decision to apparently sell, transfer, and convey its assets, namely the Federal Communication Commission radio license, to avoid the Plaintiff and his claims.  Without payment by the Defendants, Plaintiff will be materially harmed by having to chase the Defendants individually since the corporate and limited liability entities will likely be rendered worthless or of little worth upon the sale and transfer of the extremely valuable radio broadcasting license as issued by the FCC.

Without the requested injunction and attachment in place, Defendants could potentially rid themselves of whatever cash that they have remaining, making the cash unavailable to satisfy the judgment that the plaintiff will obtain in this case. In short, if the requested injunctive relief is not granted, the plaintiff will likely be unable to satisfy the judgment against the defendants.

**2.     The Plaintiff Has Demonstrated a Likelihood of Success on The Merits.**

As described above, the Plaintiff has a reasonable likelihood of success on the merits and will obtain a judgment against the Defendant of exceeding $525,000.00.

**D.     Trustee Process Should Issue Against the Federal Communications Commission (FCC) with regard to the radio broadcasting license, and the Defendants on All Money of Defendant's Held in any financial accounts located.**

Mass. R. Civ. P. 4.2 states that "trustee process may be used ... to secure satisfaction of the judgment for damages and costs which the plaintiff may recover ...."  As described above, the Plaintiff has a reasonable likelihood of success on the merits and will obtain a judgment against the Defendant exceeding $525,000.00. The Defendants maintain, utilize, and have the ability to convey, transfer, sell or otherwise dispose the radio broadcast license issued by the Federal Communications Commission (FCC). Therefore, the Plaintiff requests this Court to issue trustee process and attach all the Defendant's radio broadcast licenses, rights, and ownership interests therein, and any monies or financial accounts held in the Defendants' names wherever located.  The Plaintiff

seeks a lien of $3,000,000 on the licenses and accounts as reasonable preservation of funds and assets to support Plaintiff's likely judgment, and the doubling or trebling as mandated under Statute and case law, as well as attorneys' fees, costs and interest. Plaintiff requests that such trustee process and attachment shall be successive in nature and repeat daily until the sum demanded is attached.

### III. CONCLUSION

For all the foregoing reasons, there is a reasonable likelihood that the plaintiff Joseph A. Ligotti, Jr. will recover a judgment against the Defendants in an amount exceeding the civil cover sheet stated damages of $525,000.00, exclusive of doubling or trebling damages, interest, attorney's fees and costs. The plaintiff is without adequate security to ensure that the defendants in this lawsuit will be able to pay the judgment. As a request, the plaintiff requests this Court grant them the following relief:

1. ORDER, pursuant to Mass. R. Civ. P. 65, a Temporary Restraining Order and, after notice to Defendants and a hearing, a Preliminary Injunction: (a) requiring Defendants to pay into the Court, or to post a bond guaranteeing payment of, $3,000,000.00; and/or, (b) preventing Defendants from transferring, assigning or otherwise encumbering or disposing of assets outside of the ordinary course of business, including particularly the radio broadcast rights and licenses as issued by the Federal Communication Commissions and such other agencies controlling said broadcast licenses held, used and maintained by the Defendants; or,

2. ORDER, pursuant to Mass. R. Civ. P. 4.2 and M.G.L. c. 246, an Order of trustee process against the Trustee Federal Communication Commissions (FCC) and any and all other agencies empowered or controlling any radio broadcast or telecommunications signals and licenses as used or maintained or issued to the Defendants, to secure satisfaction for the judgment that the

Plaintiff will receive in this action against the defendants.

3. ORDER, pursuant to Mass. R. Civ. P. 4.2 and M.G.L. c. 246, an Order of trustee process against any and all financial institutions holding or maintain financial accounts for the benefit of the Defendants to secure satisfaction for the judgment that the Plaintiff will receive in this action against the defendants in a cumulative amount of $3,000,000.00 or such other amount as this Court deems necessary and appropriate to protect the Plaintiff.

4. Order that said trustee process attachments be successive in nature and applied daily by against any and all accounts or licenses maintained by or for the benefit of Defendants.

Respectfully submitted,
Joseph A. Ligotti, Jr.,
By his legal counsel:

/s/ Chaz R. Fisher

Dated: July 3, 3017

Chaz R. Fisher (MA BAR #649059)
FISHER LEGAL, PA
217    Hanover Street #184
Boston, MA 02113
T:    617-851-1560
F:    561-424-8106
Email: Chaz@FisherLegalPA.com

**LOCAL RULE 7.1(a)(2) CERTIFICATE**

I, Chaz R. Fisher, hereby certify that on this day, I left a voice message for Attorney Joshua Segal, counsel of record for Defendants Brian J. Berner, DALY XXL Communication, Inc., Henry J. Remmer and Mary Catherine Remmer, in a diligent attempt to affirm adequate security for the Plaintiff's claims before filing this emergency motion.

/s/ Chaz R. Fisher

Dated: July 3, 2017

Chaz R. Fisher (MA BAR #649059)

## CERTIFICATE OF SERVICE

     I, Chaz R. Fisher, Plaintiff's attorney of record certify that this document filed through CM/ECF system will be sent electronically to the registered participants as identified on NEF and paper copies will be sent to those indicated as non-registered participants by First Class Mail on this same day.

                                                /s/ Chaz R. Fisher
Dated: July 3, 2017                      Chaz R. Fisher (MA BAR #649059)