UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSEPH A. LIGOTTI, JR.,<br>      Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 16-cv-11522-MLW |
| DALY XXL COMMUNICATIONS, INC.,<br>ET AL.,<br>      Defendants. | ) ) ) ) ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                            October 8, 2021

I.   INTRODUCTION

Plaintiff Joseph A. Ligotti, Jr. filed this action against defendants Daly XXL Communications, Inc., WMEX Radio, LLC, and their owners and officers for the alleged violation of various federal and state laws when they terminated Ligotti's contract to host a program on their radio station, and for alleged unfair competition and trademark infringement. In an April 27, 2018 Memorandum and Order, the court allowed in part defendants' motion for judgment on the pleadings and entered judgment for defendants on all Counts except Counts I-IV, Count VI to the extent it sought payment for earned wages, and Count X against Daly XXL Communications, Inc. See Dkt. No. 46. At a scheduling conference on April 27, 2018, the parties agreed to pursue mediation. The court then ordered them to "report the results within fourteen days after the mediation has concluded. If the case is not settled,

they shall propose a revised schedule for discovery." See Apr. 30, 2018 Order, Dkt. No. 48. The court also entered a stay pending mediation. See id.

On June 4, 2018, Senior District Judge Edward Harrington reported that the mediation had concluded and the case had not been settled. See Dkt. No. 56. However, the parties did not report the status of the case or propose a revised schedule for discovery as required by the April 30, 2018 Order. See Dkt. No. 48. Nor did Ligotti do anything else to prosecute his case.

On May 20, 2021, almost three years after the mediation concluded, defendants moved to dismiss for lack of prosecution. See Dkt. No. 57. They reported that one of the defendants, Mary Catherine Remmer, was diagnosed with terminal cancer and was not expected to live more than three months. See Mem. Supp. Mot. Dismiss (Dkt. No. 58) at 3. Before filing the motion, defendants sent a letter to Ligotti's counsel asking if he expected to take further action, and warning that defendants would move for dismissal otherwise. See Dkt. No. 58-1. According to defendants, and undisputed by Ligotti, Ligotti's counsel merely responded ". . . I believe awhile back (pre-covid) I had requested some discovery from your clients, including dates for them to attend depositions. Perhaps we can have a discussion of possible dates and discovery outstanding." Mem. Supp. Mot. Dismiss (Dkt. No. 58)

at 3. However, defendants state that Ligotti never served any discovery requests or noticed any depositions. Id. at 4.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 41(b):

> If the plaintiff fails to prosecute . . . or to [comply] with a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Such dismissal "should only be employed when a [plaintiff's] misconduct has been extreme." Figueroa Ruiz v. Alegria, 896 F.2d 645, 647 (1st Cir. 1990). In deciding a motion to dismiss under Rule 41(b), the court must consider several factors, including "the severity of the discovery violations, legitimacy of the party's excuse for failing to comply, repetition of violations, deliberateness of the misconduct, mitigating excuses, prejudice to the other party and to the operations of the court, and adequacy of lesser sanctions." United States v. 2008 33' Contender Model Tournament Vessel, 990 F.3d 725, 727 (1st Cir. 2021) (quoting AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 435 (1st Cir. 2015)). Dismissal may be appropriate "in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance." Pomales v. Celulares Telefónica, Inc., 342 F.3d 44, 48 (1st Cir. 2003) (internal quotation marks omitted)

(collecting cases). "Other aggravating circumstances include prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time." Enlace Mercantil Internacional, Inc. v. Senior Indus., Inc., 848 F.2d 315, 317 (1st Cir. 1988) (internal citations omitted).

The First Circuit has cautioned that "a district court should resort to dismissal as a penalty for delay only after determining 'that none of the lesser sanctions available to it would truly be appropriate.'" Figueroa Ruiz v. Alegria, 896 F.2d 645, 649 (1st Cir. 1990) (quoting Zavala Santiago v. Gonzalez Rivera, 553 F.2d 710, 712 (1st Cir. 1977)).

III. DISCUSSION

In this case, Ligotti has allowed almost three years to elapse since the conclusion of mediation. Not only did he fail to comply with the order to report the results of the mediation within fourteen days of its conclusion, he also failed to take any action to lift the stay, set a discovery schedule, or otherwise prosecute his case. This is, therefore, a case of "extremely protracted inaction (measured in years)," one of the circumstances the First Circuit has stated may justify dismissal. Pomales, 342 F.3d at 48.

In addition, the factors enumerated in AngioDynamics weigh in favor of dismissal. First, the violation is severe, as it involves

4

the complete disregard of the court's order for a long period of time, delaying the progress of this case.

Second, Ligotti's excuses are not meritorious. He argues that the stay prevented further prosecution, see Mem. Opp. Mot. Dismiss (Dkt. No. 60) at 1. However, he could and should have filed a motion to have the stay lifted, which the court would have granted. He asserts that the parties had informal discussions about depositions. See id. However, evidently depositions were never noticed. See Mem. Supp. Mot. Dismiss (Dkt. No. 58) at 3. Even if Ligotti did discuss with defendants possible discovery, he admits that no depositions took place, and he never made any attempt to compel them. See Mem. Opp. Mot. Dismiss (Dkt. No. 60) at 1. In any event, the parties were ordered to propose a discovery schedule to the court rather than to proceed with discovery on their own while the case was stayed. See Apr. 30, 2018 Order (Dkt. No. 48) ¶1. Finally, Ligotti cites the COVID-19 pandemic as an "act of God" preventing prosecution of the case. See Mem. Opp. Mot Dismiss (Dkt. No 60) at 1-2. However, if he wanted this case to proceed, Ligotti should have reported regarding the status of the case and moved to lift the stay in June 2018, a year and a half before the pandemic began. Moreover, many cases have proceeded during the pandemic. It does not excuse Ligotti's total inaction.

While Ligotti did not commit repeated violations, his inaction continued for almost three years. This was evidently

deliberate. The excessive delay has prejudiced the defendants, especially in view of defendant Mary Catherine Remmer's reportedly terminal cancer diagnosis. Ligotti has also caused "the wasteful expenditure of a significant amount of the district court's time," one of the "aggravating circumstances" discussed in Enlace, 848 F.2d at 317, by bringing this case, causing the court to adjudicate a motion for judgment on the pleadings, and then abandoning the case without explanation for almost three years.

Finally, the court must consider the option of lesser sanctions, which is the last AngioDynamics factor. As discussed earlier, although Ligotti is primarily responsible for delay, the court should dismiss this action with prejudice only if it finds that lesser sanctions would not be appropriate. See Figueroa Ruiz, 896 F.2d at 649. Ligotti requests imposition of "less extreme alternatives." Mem. Opp. Mot. Dismiss (Dkt. No. 60) at 2-3. More specifically, he requests that the court lift the stay and order that discovery be completed in 90 days. See id. These measures are not, however, sanctions at all. Rather, they would require the defendants, including one who is reportedly terminally ill, to now devote special attention to this case, because of Ligotti's failure to obey a court order and prosecute it properly. This would not be just.

The court recognizes that it could order a dismissal of this case without prejudice. See, e.g., Enlace, 848 F.2d at 318.

However, giving Ligotti an opportunity to reinstitute this case after years of inaction, requiring the court and defendants to expend additional resources, would not be an appropriate response to Ligotti's inexcusable conduct.

Defendants are not faultless. They too failed to comply with the order to report following the conclusion of mediation. Similarly, they could have moved to lift the stay or to dismiss the case sooner, especially if they believed the ongoing delay was prejudicial. However, the long period of inaction by Ligotti, his failure to provide any meaningful excuse for it, and his waste of the court's resources make dismissal with prejudice most appropriate.

IV.   ORDER

Accordingly, defendants' Motion to Dismiss for Failure to Prosecute (Dkt. No. 57) is hereby ALLOWED and this case is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

UNITED STATES DISTRICT JUDGE